IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02954-KLM

TIMOTHY PHILIP RODGERS, on behalf of himself and all military veterans with historical and open claims older than 365 days at the VA,

    Plaintiff,

v.

UNITED STATES GOVERNMENT,
JEFF SESSIONS, U.S. Attorney General, and
BOB TROYER, U.S. Attorney, District of Colorado,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#7][1] (the "Motion").[2] Plaintiff, who proceeds as a pro se litigant,[3] filed a Response [#9] in opposition

---

[1] "[#7]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#10, #11].

[3] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

to the Motion,[4] and Defendants filed a Reply [#12]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. Based on the following, the Motion [#7] is **GRANTED**.

## I. Background

Plaintiff alleges the following facts as the basis for his claims.[5] He is a veteran of the United States Army, having served from June 30, 2004, until his honorable discharge on September 17, 2004, for failure to meet medical fitness requirements. *Ex. B to Compl.* [#1-2] at 2; *Ex. C to Compl.* [#1-3] at 5. After his discharge, the Department of Veterans Affairs (the "VA") granted Plaintiff partial benefits in 2005 for "severe pes planus," commonly known as flat feet, which the VA determined had at least a partial connection to his time in service. *Ex. B to Compl.* [#1-2] at 2. Throughout the following years, Plaintiff filed additional claims with the VA to obtain benefits for various psychiatric conditions, which mostly have been denied. *See generally Ex. B to Compl.* [#1-2]; *Ex. C to Compl.* [#1-3].

Plaintiff concedes in the Complaint that he "suffer[s] from a severe mental health condition and struggle[s] to properly communicate sometimes." *Compl.* [#1] at 3. As of the time of the filing of the Complaint [#1], Plaintiff continues to pursue his administrative remedies in connection with his attempt to obtain a monthly benefit for schizophrenia, that was allegedly either caused or aggravated by his time in the United States Army. *See Ex. C to Compl.* [#1-3] at 7-16. In September 2012, the VA Regional Office first denied this

---

[4] The Court has also considered Plaintiff's other filings in connection with its adjudication of the present Motion [#7]. *See* [#13, #16, #19, #20-1, #21].

[5] All well-pled facts from the complaint are accepted as true and viewed in the light most favorable to Plaintiffs. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

claim. *See id.* at 8. Plaintiff appealed the denial to the Board of Veterans' Appeals ("BVA"), which over the years has remanded the claim back to the VA Regional Office three separate times, once in June 2015, once in July 2016, and once in October 2017. *Id.* at 7, 8, 16. In the most recent remand order, the BVA decided that additional factual development was required and remanded the claim with orders to the VA Regional Office regarding how it should proceed and what evidence, specifically, it should consider in evaluating Plaintiff's contentions. *Id.* at 8-15. The BVA noted that "[t]his remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal." *Id.* at 16. To the best of the Court's knowledge, Plaintiff's administrative requests for that benefit are still pending.

The latest remand from BVA to the VA Regional Office occurred on October 27, 2017. *Id.* at 7. Disgusted by the passage of more than four years while his claim has bounced back and forth between the BVA and the VA Regional Office, with no end in sight, Plaintiff filed the present lawsuit on December 8, 2017. *See Compl.* [#1] at 3-4. Although the precise legal basis for each claim is unclear, Plaintiff cites the Federal Tort Claims Act ("FTCA"), the Fifth, Sixth, Seventh, Eighth, and Tenth Amendments to the United States Constitution, the Americans with Disabilities Act ("ADA"), and a criminal statute, i.e., 18 U.S.C. § 242. *See id.* at 2-4, 8.

Plaintiff asserts that he filed this lawsuit on behalf of himself and all veterans with open claims older than one year. *Id.* at 1. Plaintiff seeks the following relief: (1) an order requiring the VA to amend its review process so that it must disprove a veteran's claim for benefits (rather than the burden being on the veteran to prove his claim) within one year of the claim being filed; (2) $15 million in damages; and (3) an order requiring the

Department of Justice to investigate an individual named Jose Cardenas ("Cardenas") for "abuses of the color of law," although it is unclear precisely who Mr. Cardenas is and how he is related to the other claims in this litigation, if at all. *Id.* at 7-10.

## II. Standards

### A. Federal Rule fo Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide ranging discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825

F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.    Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly,* 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.  Analysis

**A.    Claims Regarding Purported Class Action**

The Court first addresses Plaintiff's assertion that he brings this lawsuit not only on his own behalf, but also on behalf of all military veterans with VA claims that have been open for longer than one year. *See Compl.* [#1] at 1.

"Generally, a non-lawyer does not possess sufficient legal training or skills to represent others in class litigation." *Ransom v. U.S. Postal Service*, 170 F. App'x 525, 528 (10th Cir. 2006). "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). "The rule against pro se representation of others is particularly important in class actions because class litigation must comply with the complex and demanding requirements of Rule 23 of the Federal Rules of Civil Procedure." *Ransom*, 170 F. App'x at 529. "Indeed, Rule 23(g) requires appointment of class counsel, unless otherwise

provided by statute." *Id.* "Furthermore, a judgment in a class action may foreclose other class members from later bringing the same claims." *Id.* The Tenth Circuit Court of Appeals has stated that, in the absence of any statute providing otherwise, it "will not entrust those claims to a non-lawyer." *Id.* In short, "a pro se cannot litigate on behalf of a class." *Id.* at 528.

Accordingly, to the extent Plaintiff is asserting class claims in this action, the Motion [#7] is **granted**, and those claims are **dismissed without prejudice**. *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir.1990) (stating that prejudice not should attach to a dismissal when the plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

**B.     Claim Regarding 18 U.S.C. § 242**

Plaintiff states that "[t]echnically speaking, the VA (Federal Agency) violates TITLE 18, U.S.C., SECTION 242 treating me and everyone else as fraud's [sic] under the law and using tactics to force people away from the help they need." *Compl.* [#1] at 4 (internal emphasis removed). It is unclear whether Plaintiff is attempting to assert a claim under this statute, but to the extent that he is, 18 U.S.C. § 242 is a criminal statute which cannot form a basis of a claim in a civil lawsuit. *See, e.g.*, *Jones v. Jones*, 741 F. App'x 604, 605 (10th Cir. 2018) ("Section 242 is a criminal statute, however, and as such it does not create a private civil cause of action."). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 . . . ." *Cok v. Consentino*, 876 F.2d 1, 2 (1989).

Accordingly, to the extent Plaintiff is asserting a claim in this action under 18 U.S.C. § 242, the Motion [#7] is **granted**, and that claim is **dismissed with prejudice**.

*Reynoldson*, 907 F.2d at 127.

## C. Claim Regarding Investigation of Mr. Cardenas

As part of his relief, Plaintiff asks the Court to "[o]rder the Department of Justice to investigate Jose Cardenas's abuses of the color of law." *Compl.* [#1] at 9. It is unclear from the Complaint, and from Plaintiff's other filings, who exactly Mr. Cardenas is or what he allegedly did to Plaintiff, although, as best as can be gleaned from the docket, he has some unspecified connection to law enforcement. *See id.*

Regardless of the identity of Mr. Cardenas, the Court does not have the discretion to direct the Department of Justice to investigate anyone. This power lies solely within the executive branch, whose "broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Id.* Of course, to the extent that Plaintiff believes his civil rights have been violated, he may bring a civil lawsuit against Mr. Cardenas directly. However, to the extent that Plaintiff asks the Court to direct the Department of Justice to investigate Mr. Cardenas for possible criminal violations, the Court does not have the power to do so.

Accordingly, the Motion [#7] **granted** to the extent Plaintiff asks the Court for an order requiring the Department of Justice to investigate Mr. Cardenas, and this claim is **dismissed with prejudice**. *Reynoldson*, 907 F.2d at 127.

### D. Claim Regarding the ADA

Plaintiff is also asserting a claim under the ADA. *Compl.* [#1] at 2. He notes briefly that the VA "is discriminating [against him] because of [his] mental health condition of Paranoid Schizophrenia." *Ex. E to Compl.* [#1-5] at 7. He also marks a box on the complaint form for retaliation but provides no detail about that claim. *Compl.* [#1] at 3. Regardless, the United States government is not subject to the provisions of the ADA, either as an "employer" for purposes of Title I, *see* 42 U.S.C. § 12111(5)(B)(i), or as a "public entity" for purposes of Title II, *see* 42 U.S.C. § 12131(1). *See Phillips v. Tiona*, 508 F. App'x 737, 752 (10th Cir. 2013) (stating that "Title II covers only states and defined appendages thereof"). Thus, any claim against the United States under these provisions of the ADA fails. *See Brown v. Cantrell*, No. 11-cv-00200-PAB-MEH, 2012 WL 4050300, at *1 (D. Colo. Sept. 14, 2012).

Accordingly, the Motion [#7] is **granted** with respect to Plaintiff's ADA claim, and this claim is **dismissed with prejudice**. *Reynoldson*, 907 F.2d at 127.

### E. Claim Regarding the Seventh Amendment

Plaintiff briefly argues that "[t]he FTCA technically violates the 7th amendment against veterans because winning the lawsuit would literally not yield anything, let alone more than $20 even though the damages are worth so much more." *Compl.* [#1] at 8. Thus, Plaintiff states that he is "recommending review of the current legal functionality of the FTCA legislation." *Id.*

The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The

precise basis of Plaintiff's Seventh Amendment argument is unclear. However, the Court notes that "FTCA claims may not be tried to a jury." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citing 28 U.S.C. § 2402). "The United States, as sovereign, is completely immune from suit unless it consents to be sued." *Engle*, 24 F.3d at 135 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "It may, therefore, condition its consent on dispensation of a jury trial without offending the Seventh Amendment." *Engle*, 24 F.3d at 135 (citing *Sherwood*, 312 U.S. at 587). In the absence of a clearer legal foundation for this claim, the claim must be dismissed.

Accordingly, the Motion [#7] is **granted**, and Plaintiff's claim under the Seventh Amendment is **dismissed without prejudice**. *Reynoldson*, 907 F.2d at 127.

## F.     Claims Regarding Provision of Benefits from the VA

The Court construes Plaintiff's remaining causes of action as directly relating to the provision of benefits from the VA. These causes of action consist of an FTCA claim used to assert four constitutional claims under the Fifth, Sixth, Eighth, and Tenth Amendments. The Fifth Amendment claim appears to be premised on allegations that the length of the process to obtain benefits deprives veterans of their property by wrongfully assuming that all veteran applicants are "frauds." *Ex. A to Compl.* [#1-1] at 16; *Ex. E to Compl.* [#1-5] at 8-9. The Sixth Amendment claim appears to be premised on allegations that veterans seeking benefits from the VA need legal representation because the claims process takes such a long time to be completed. *Ex. A to Compl.* [#1-1] at 16; *Ex. E to Compl.* [#1-5] at 9, 12. The Eighth Amendment claim appears to be premised on allegations that the process to obtain benefits constitutes cruel and unusual punishment because of the

hardships that veterans experience while their claims are pending. *Ex. A to Compl.* [#1-1] at 17; *Ex. E to Compl.* [#1-5] at 9, 12. The Tenth Amendment claim appears to be premised on allegations that the United States has decided to take care of military veterans but that the VA does not sufficiently do so during the claims process. *Ex. A to Compl.* [#1-1] at 17-18.

In short, through these causes of action, Plaintiff asserts that the VA's internal procedures unfairly deny military veterans benefits by requiring them to establish they are entitled to benefits rather than by presuming that the veterans are entitled to benefits. *See Compl.* [#1] at 5 ("The process is systematically flawed treating everyone as if they are potential frauds . . . ."). More specifically, Plaintiff states that he is "an honest individual, deserving of what [he] is asking for." *Id.* at 4. He says that the VA has "tried to intimidate [him] off [his] service-connection claims with attempts to strip [his] pension." *Id.* He further says that VA personnel "deliberately refuse to see what qualifies [him] and insist [he is] undeserving . . . ." *Id.* Plaintiff also states that "[t]he submission of this Tort Claim stems from a needless on-going struggle with the Department of Veteran's Affairs. I should have been given my 100% service-connection or dual-diagnosis years ago and now I am at high-risk from being homeless with little money." *Ex. E to Compl.* [#1-5] at 7.

The Court lacks jurisdiction to address any of these claims, however. The Veterans' Judicial Review Act ("VJRA") channels all claims affecting veterans' benefits into a specialized adjudicatory framework, and, with few inapplicable exceptions, precludes courts outside that framework from reviewing these claims:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans. . . . [T]he decision of the

> Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

As Plaintiff appropriately initially did, veterans seeking a benefits determination must first apply to the appropriate VA Regional Office for a decision. If the veteran is unhappy with the outcome, he may appeal that decision to the BVA, as Plaintiff also did. *See* 38 U.S.C. § 7104(a). If unsuccessful there, the veteran may appeal to the United States Court of Appeals for Veterans Claims ("CAVC"). *See* 38 U.S.C. § 7252(a). Decisions of the CAVC are appealable only to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7252(c). The Federal Circuit exercises "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation" relating to the provision of veterans' benefits, or to "interpret constitutional and statutory provisions[] to the extent presented and necessary to a decision." *See* 38 U.S.C. § 7292(c). If a veteran's appeal to the Federal Circuit is unsuccessful, he may then appeal to the United States Supreme Court by filing a petition for a writ of certiorari. *See* 38 U.S.C. § 7292(c). This jurisdictional pathway for veterans challenging benefits determinations by the VA is exclusive. *Johnson v. Dep't of Veterans Affairs*, 351 F. App'x 288, 289 (10th Cir. 2009); *see also Hicks v. Veterans Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992) (stating that the VJRA "amply evince[s] Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme").

To determine whether a claim "affects" the provision of veterans' benefits pursuant to the VJRA, courts must look to the substance of the plaintiff's allegations rather than the label used by the plaintiff. *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996).

The VJRA's jurisdictional bar cannot be evaded by framing claims as constitutional challenges. *See, e.g.*, *Johnson*, 351 F. App'x at 288-89 (holding that because the plaintiff's claims were, in essence, "an attack on a benefits decision cloaked in constitutional terms," there was no subject matter jurisdiction over the action). Here, as in *Johnson*, "despite being couched as constitutional challenges to statutes and a regulation, the claims function only as a means to contest the adverse benefits decision." *See id.* at 290. The only difference here is that Plaintiff has not received a final adverse benefits decision, because his claim is still undergoing review under the VJRA. The Court is aware of no legal authority making this a material difference to the Court's jurisdictional analysis.

The same outcome pertains to cases where a plaintiff has attempted to frame his claims in tort under the FTCA. In *Turner v. United States*, 501 F. App'x 840, 842-43 (10th Cir. 2012), the Tenth Circuit found that, despite being captioned as a negligence action under the FTCA, the veteran's claims ultimately "sound[ed] in denial of underlying benefits decisions." In other words, because the core of the plaintiff's claims challenged the VA's "action or inaction with respect to his benefits," the Court lacked subject matter jurisdiction over them. *Turner*, 501 F. App'x at 843. Similarly, in *Weaver v. United States*, 98 F.3d at 520, the Tenth Circuit held that the plaintiff's allegations concerning "conspiracy," "fraud," and "misrepresentation" by VA officials were "nothing more than a challenge to the underlying benefits decision," and that therefore the court lacked subject matter jurisdiction. Here, no matter how they are framed by Plaintiff, the allegations in the Complaint clearly are based on the VA's alleged failure to timely process and award Plaintiff benefits on his own claim. In other words, because Plaintiff's claims are a challenge to the VA's alleged failure to timely process and award his benefits, they are jurisdictionally barred under the

VJRA.  See 38 U.S.C. § 511.

Plaintiff is also asking for system-wide changes in the benefits administration process, rather than simply an award of individual benefits to himself, but his claims are still precluded by 38 U.S.C. § 511.  The VJRA divests district courts of jurisdiction over claims related to benefits "even where those claims concern agency procedures and do not challenge specific VA benefits determinations."  *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1031 (9th Cir. 2012) (collecting cases).  Again, the Court must ask whether adjudicating the claim would require the district court to "review VA decisions relating to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations."  *Id.* at 1025 (internal citations omitted).  In *Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006), for example, the D.C. Circuit Court of Appeals held that district courts cannot review claims which would require a determination whether the VA was acting properly in the handling of benefits claims.  Here, Plaintiff's claims would require the Court to review the VA's action with regard to claims for benefits, including the timeliness of the VA's benefits determinations.  Such examination of VA processes is governed by the VJRA and its exclusive jurisdictional system, and therefore the Court here lacks subject matter jurisdiction to make any determination on Plaintiff's claims.

Accordingly, the Motion [#7] is **granted** with respect Plaintiff's claims under the FTCA and Fifth, Sixth, Eighth, and Tenth Amendments for lack of subject matter jurisdiction, and these claims are **dismissed without prejudice**.[6]  *Brereton v. Bountiful City*

---

[6] To be clear, the Court makes no comment regarding the potential merit of any of Plaintiff's underlying requests for benefits or regarding the efficiency of the VA with respect to its claim processing system.  The Court only holds that it does not have the power to adjudicate the merits of the issues raised by Plaintiff.

-14-

*Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

### IV. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#7] is **GRANTED**.

IT IS FURTHER **ORDERED** that all other pending motions [#9, #13, #16] are **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **close** this case.

Dated: December 31, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge